```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MOZINE JOHNSON**                                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 12-0621**

**BURL CAIN**                                               **SECTION: "B"(4)**

## ORDER AND REASONS

**IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 9) are **AFFIRMED** and that Petitioner's application for federal *habeas corpus* review are **DISMISSED WITH PREJUDICE**. Petitioner's objections (Rec. Doc. No. 10), are overruled for the following reasons.

## PROCEDURAL HISTORY

Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. (Rec. Doc. No. 3). On April 8, 2005, he was charged by bill of information in Jefferson Parish with four counts of armed robbery. (Rec. Doc. No. 9). He was tried before a jury on the third and fourth counts of the amended bill of information and found guilty as charged.[1] *Id.*

Petitioner was sentenced on July 12, 2007 by the Trial Court to serve 25 years on each of the two counts to run concurrently. *Id.* Later, after adjudication as a second offender, he was resentenced to serve 49 and one-half years with the first 15 years

---

[1] After a denial of the State's request for a continuance, a *nolle prosequi* was entered on the first and second counts.

to be served without benefit of parole, probation, or suspension of sentence.[2] *Id.*

On direct appeal, Johnson's appointed counsel argued that the Trial Court erred in denying the motion to suppress evidence seized from the apartment where Johnson was arrested and frequented prior to the robberies. *Id.* Johnson filed, *pro se*, a supplemental brief in which he raised five assignments of error including the claim that the amendment to the bill of information was defective and he should have been given a continuance to prepare a defense to the amended bill. *Id.*

On April 28, 2009, the appellate court affirmed his conviction and sentence[3] finding all of Petitioner's claims meritless, except the claim that the amendment to the bill of information was defective. *Id.* The Court pointed out that Petitioner's failure to object to the amendment of the bill of information precluded relief. *Id.*

On May 27, 2009, Johnson submitted a writ application to the Louisiana Supreme Court raising the five *pro se* claims submitted on direct appeal. *Id.* This was ultimately denied.[4] *Id.* Johnson's conviction became final 90 days later, on May 27, 2010, because he

---

[2] At a hearing held April 15, 2008, the trial court clarified the record to reflect that the multiple bill and resentencing applied to the conviction on count three.
[3] *State v. Johnson*, 9 So.3d 1084 (La. Ct. App. 2009).
[4] *State v. Johnson*, 28 So.3d 268 (La. 2010).

did not file a writ application with the United States Supreme Court.[5] *Id.*

Johnson submitted an application for post-conviction relief to the Trial Court on June 16, 2010, in which he raised 10 grounds for relief: (1) denial of the motion to suppress identification, evidence and statements; (2) ineffective assistance of trial counsel when he mentioned Johnson's prior conviction during cross-examination of Detective Barteet and during closing arguments; (3) ineffective assistance of appellate counsel for only raising one issue; (4) the State violated his rights during closing arguments in arguing that Johnson needed to testify; (5) invalid consent to search form and illegal search; (6) defective bill of information when it was amended to include the wrong statute; (7) violation of the right to speedy trial; (8) double jeopardy; (9) defective jury instructions and improper verdict; and (10) invalid multiple bill information sheet.

The Trial Court denied relief finding that claims one, two, five, six, and seven had been raised on direct appeal and were barred from further review under LA. CODE CRIM. PROC. art. 930.4(C). *Id.* The Court further found that claims four, eight, nine, and ten could have been raised on appeal and also were barred from review under LA. CODE CRIM. PROC. art. 930.4. *Id.* The Court resolved that the

---

[5] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)).

tenth claim was also barred from review under LA. CODE CRIM. PROC. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) which bar review of sentencing matters in a post-conviction application. *Id.* The Court also held that Johnson's third claim, raising ineffective assistance of appellate counsel, was without merit. *Id.*

The Louisiana Fifth Circuit denied Johnson's related writ application on December 3, 2010, finding no error in the Trial Court's ruling. *Id.* The Louisiana Supreme Court also denied Johnson's writ application without stated reasons on January 13, 2012.[6] *Id.*   On December 22, 2010, Johnson filed a motion for arrest of judgment challenging the amendment of the bill of information which he claims led to an invalid verdict. *Id.* On January 5, 2011, the Trial Court denied the motion as improperly seeking post-conviction relief and finding such an application for post-conviction relief to be procedurally barred under LA. CODE CRIM. PROC. art. 930.4(B), (C), (D), and (E) and *State v. Gaines*, 701 So.2d 688 (La. Ct. App. 1997). *Id.*

The Louisiana Fifth Circuit denied Johnson's writ application on March 24, 2011, finding it to be repetitive of an application previously denied on December 3, 2010. *Id.* He did not seek further review of this order. *Id.* In the meantime, on February 22, 2011, Johnson filed a motion with the Trial Court to correct his illegal

---

[6] *State ex rel. Johnson v. State*, 77 So.3d 960 (La. 2012).

4

sentence for exceeding the statutory maximum. The Trial Court denied the motion on March 24, 2011, as meritless. *Id.*

Johnson's related writ application to the Louisiana Fifth Circuit was denied on June 16, 2011, finding no error in the Trial Court's ruling. *Id.* The Louisiana Supreme Court also denied Johnson's related writ application on March 30, 2012, on procedural grounds, citing La. Code Crim. Proc. art. 930.3 and *State ex rel. Melinie*, 665 So.2d at 1172.[7] *Id.*

Johnson filed another application for post-conviction relief with the Trial Court on October 13, 2011, alleging that his attorney had a conflict of interest because he was employed by the City of Gretna in Jefferson Parish where he was tried. After receiving briefing from the State and Johnson, the Court denied the application on January 27, 2012, finding the application to be repetitive and barred from review under La. Code Crim. Proc. art. 930.4, and alternatively as meritless. *Id.*

On April 18, 2012, Petitioner filed the instant petition for federal *habeas corpus* relief in which he raised six grounds for relief, including an illegal search and error in the denial of the motion to suppress, ineffective assistance of counsel, defective bill of information, defective jury instructions and verdict, an invalid multiple bill information sheet, and double jeopardy because he was sentenced twice under the same statute. The State argued

---

[7] *State ex rel. Johnson v. State*, 85 So.3d 111 (La. 2012).

that the motion to suppress is barred from federal review by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976). The State further argued that the Petitioner's grounds of motion to suppress, defective bill, defective jury instructions and verdict, invalid multiple bill information sheet and double jeopardy were procedurally barred from review because relief was denied by the state courts under LA. CODE CRIM. PROC. art.930.4 which prohibits post-conviction review of repetitive applications and claims already reviewed on direct appeal or which were not raised on direct appeal but could have been. The State also argued that he was not entitled to relief for his ineffective assistance of counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

On July 20, 2012, the Magistrate Judge issued her Report and Recommendation, recommending that the instant petition for *habeas corpus* relief be dismissed with prejudice. *Id.* Petitioner filed his Objection to the Report and Recommendations on August 2, 2012. (Rec. Doc. No. 10).

### **LAW AND ANALYSIS**

For a state procedural bar to prevent federal *habeas* review under the "independent and adequate state law" doctrine, the bar must be both independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). The "independent and adequate state law" doctrine applies to both

substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32.

Petitioner's claim may be excepted from procedural default only if he can show cause for the default, prejudice resulting from it, or demonstrate that a denial of *habeas* review of the defaulted claim will result in a "fundamental miscarriage of justice," which would require a showing of "actual innocence." *Coleman*, 501 U.S. at 731-32.

In order to be independent of federal law, the last State court must "clearly and expressly indicate that its judgment rests on a state procedural bar." *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir. 1995). In addition, it also is well settled that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." *Fisher v. Texas, 169 F.3d 295*, 300 (5th Cir. 1999). The Court here need only consider the state courts' procedural basis for denial of relief.

In order to be adequate, the rule must be "one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997) (citing *Amos,* 61 F.3d at 339). State procedural rules enjoy a presumption of adequacy when the State court expressly relies upon them in deciding not to

review a claim, and the burden is on the petitioner to demonstrate otherwise. *Id.; Hughes v. Johnson,* 191 F.3d 607, 614 (5th Cir. 1999).

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal *habeas* court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985)). In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).

The Louisiana courts in this case denied relief on Johnson's claim of a defective bill of information finding that the lack of a contemporaneous objection under Louisiana law barred review of the claim on appeal. LA. CODE CRIM. PROC. art. 841(A). It is well settled that the "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal *habeas corpus* review. *Wainwright v. Sykes*, 433 U.S. 72, 87-

88 (1977). The reasons for the state courts' dismissal of Johnson's claims, therefore, were independent of federal law and relied strictly on state procedural requirements. *Harris v. Reed*, 489 U.S. 255, 263. The failure to preserve a claim under LA. CODE CRIM. PROC. art. 841 also provides adequate state grounds which bars review by the federal courts in a *habeas corpus* proceeding. *See Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987).

The record supports the imposition of a procedural bar with regard to the defective jury instructions and the invalid multiple bill information sheet claims since neither Johnson nor his appellate counsel raised these claims on direct appeal. The record reflects that Johnson filed *pro se* a supplemental appeal brief and did not raise these claims. The bar imposed under LA. CODE CRIM. PROC.930.4(C) is adequate to foreclose federal review of a claim barred thereunder by the state courts. *Simmons v. Cain*, No. 06-2130, 2008 WL 2185422, at *6 (E.D. La. May 20, 2008) (Berrigan, J.).

The Trial Court also alternatively barred the invalid multiple bill information sheet under LA. CODE CRIM. PROC. art. 930.3 and *State ex rel. Melinie*, which prohibit post-conviction review of sentencing errors, including habitual offender proceedings, on post-conviction review. *See also*, *State v. Cotton*, 45 So.3d 1030 (La. 2010); *State v. Thomas*, 19 So.3d 466 (La. 2009). The bar was therefore based solely in state law and independent of any federal

9

claim. In addition, the federal courts have repeatedly held that LA. CODE CRIM. PROC. art. 930.3 and its progeny are both independent and adequate state law grounds for dismissal which bar review of similar claims by the federal courts in a *habeas corpus* proceeding. *Taylor v. Cain*, No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sep. 10, 2008).

For the foregoing reasons, the bars imposed upon Johnson's claims of defective bill of information, defective jury instructions and improper verdict, and invalid multiple bill information sheet are supported by the record and adequate to foreclose review by this federal court. Since the Louisiana courts' decisions rested on an independent and adequate state rules of procedural default, this court need not review Johnson's barred claims. Further, there is no showing of manifest injustice here, as explained infra.

Failure by petitioner or his counsel to recognize the factual or legal basis for a claim, or failure to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 486-488 (1986). Nothing in the record shows that some external condition prevented Johnson from raising the claims in a procedurally proper manner. In addition, neither *pro se* status nor ignorance of the law is sufficient cause to excuse a procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Petitioner has not alleged any external

impediment and has therefore not shown cause and, as such, the Court need not determine whether prejudice existed. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Johnson may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed, and this can only be demonstrated by a showing of actual innocence. *Murray,* 477 U.S. at 495-96. To establish actual innocence, Petitioner must show that, "in light of all the evidence ... it is more likely than not that no reasonable juror would have convicted him." *United States v. Torres,* 163 F.3d 909, 912 (5th Cir. 1999)(citing *Bousley v. United States,* 523 U.S. 614, 624 (1998)). Additionally, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.  *Glover*, 128 F.3d at 903.

Johnson does not present any claim and the record contains nothing that suggests actual innocence on the underlying convictions. His claims address alleged procedural failings in the state criminal proceedings and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. Johnson has failed to overcome the procedural bar to his claims.

Although not discussed in his Objection to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 10), Johnson alleged to the Trial Court that the Jefferson Parish officers performed an illegal search of his apartment in Orleans Parish while he was in custody. The Trial Court denied his motion to suppress and the Louisiana Fifth Circuit found that the search was properly conducted. The Fifth Circuit's opinion was the last reasoned opinion as the Louisiana Supreme Court denied the subsequent writ application without stated reasons. *Ylst*, 501 U.S. at 802. We construe Johnson's failure to raise his claim in objections here as a waive of said claim. Alternatively, we would address it as follows below.

Fourth Amendment violations are generally not reviewable in a *habeas* proceeding. *Stone*, 428 U.S. at 465. In *Stone v. Powell*, the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (*footnotes omitted*) *Id*., 428 U.S. at 494. A "full and fair" hearing refers to the availability of meaningful appellate review by a higher state court. *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986) (per curium) (quoting *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977)). Even if a defendant fails to take advantage of the

opportunity to litigate a motion to suppress or assert Fourth Amendment claims, the fact that the opportunity existed suffices for the *Stone v. Powell* bar to apply. *Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002)*. The *Stone* bar applies even if the state court rulings regarding the Fourth Amendment claims were in fact erroneous. *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir.1978).

In the instant case, Johnson has failed to prove that the Louisiana state courts routinely or systematically preclude litigation of his Fourth Amendment claims, and the record shows that his claims were appropriated reviewed in the state courts. Johnson raised his Fourth Amendment claims in the pretrial motion to suppress and on direct appeal. The state trial court denied the motion to suppress finding that the evidence was properly seized under the circumstances. The Louisiana Fifth Circuit also denied his claim on direct appeal, as did the Louisiana Supreme Court in his subsequent writ application.

The record thus demonstrates that although he was unsuccessful, Johnson was provided ample opportunity to present his Fourth Amendment claim. Each of the state courts considered and reviewed his arguments finding them to be without merit. The review by all levels of the state courts was sufficient to meet due process requirements and although petitioner may disagree with the state courts' decision to deny relief is not sufficient to overcome

13

the bar in *Stone v. Powell* to federal *habeas corpus* review. *Janecka*, 301 F.3d at 320-21. Johnson is therefore not entitled to federal *habeas* court review of his Fourth Amendment claims.

The Magistrate Judge also addressed the claim that trial counsel provided ineffective assistance when he mentioned his prior armed robbery conviction in front of the jury while cross-examining a state witness and again during his closing arguments. Johnson raised this claim *pro se* on direct appeal to the Louisiana Fifth Circuit and the court relied on *Strickland* in denying that claim. *Strickland v. Washington*, 466 U.S. at 668.

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009). The question is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent. In *Strickland*, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom. *See Strickland*, 466 U.S. at 697.

The petitioner has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a

claim based solely on a petitioner's failure to meet either prong of the test. *Amos*, 61 F.3d at 348.

To prevail on the deficiency prong, petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The analysis of counsel's performance must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances. *See Id*. at 689. Due to "the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In order to prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[8] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal *habeas* relief. *Miller v. Johnson*, 200 F.3d 274, 282

---

[8] In *Strickland*, the Supreme Court defined "reasonable probability" as "probability sufficient to undermine confidence in the outcome." *Id*.

(5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)), *cert. denied*, 531 U.S. 849 (2000).

The United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 131 S. Ct. 770, 788 (2011). The Magistrate Judge cited *Harrington* in recognizing the high level of deference owed to a state court's findings under *Strickland*. *Id*. The Louisiana Fifth Circuit Court correctly determined that Johnson failed to prove and the record does not show that his counsel mentioned the 1973 conviction for armed robbery in closing arguments. Johnson failed to provide a factual basis in the record to support his claim. When counsel asked one of the officers if he was aware that Johnson had a prior conviction for armed robbery and the officer denied knowledge of that conviction, it was likely an effort to suggest that Johnson was pursued simply because of his past record. Defense counsel's comment was more likely to have been a strategic trial decision.

Furthermore, the reference had no apparent prejudicial effect on the verdict in light of the overwhelming evidence of Johnson's guilt, including the eyewitness identifications, and Johnson's own comments to police.

Johnson fails to show that his counsel's trial decisions regarding the questioning of the officer or the reference to his criminal record during cross-examination, or even in closing arguments, were outside of reasonable and sound trial strategy under the circumstances of his case. The state courts' denial of relief on this claim was not contrary to or an unreasonable application of federal law. Johnson is therefore not entitled to relief on this claim.[9]

With regard to Clay's motion to supplement to his objection memo filed on October 8, 2012, this Court finds it untimely as it was filed more than fourteen days after Clay was served with a copy of the Magistrate Judge's Report and Recommendation on 24, July 2012.[10] (Rec. Doc. No. 10).

Alternatively, the claim of conflict of interest raised in this supplement fails to satisfy the exhaustion requirement for a *habeas* review. In order to seek federal *habeas* relief under 28 U.S.C. § 2254, a petitioner must have first exhausted all his claims in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). A claim is exhausted when the actual "substance of the federal *habeas* claim has been fairly presented to the highest state court." *Smith v. Dretke,* 422 F.3d 269, 275 (5th Cir. 2005). The conflict of interest claim raised here in the supplement to his

---

[9] This is the only claim that might merit a certificate of appealability, if needed.
[10] 28 U.S.C. § 636(b)(1) provides a party fourteen days to object after being served with a copy of the magistrate judge's Record and Recommendation.

objection was only raised once to a state trial court during an application for post-conviction relief. (Rec. Doc. No. 9 at p.12). Therefore, it has failed to satisfy the exhaustion requirement.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the findings of the Magistrate Judge are **AFFIRMED**, and that Petitioner's petition for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of October, 2012.

UNITED STATES DISTRICT JUDGE