UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**MOZINE JOHNSON**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 12-0621**

**BURL CAIN**                                         **SECTION: "B"(4)**

                              <u>ORDER</u>

Considering Petitioner's foregoing Motion for Rehearing (Rec. Doc. No. 15),

**IT IS ORDERED** that the motion is **DENIED**. When a petitioner's motion for rehearing or reconsideration alleges that the Court "erred in denying habeas relief on the merits," it is interpreted as presenting "a second or successive habeas application [and] ... shall be dismissed."[1] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2244(b)(1). Here, Petitioner argues the merits of his habeas claim by challenging this Court's finding that he failed to satisfy the exhaustion requirement on his conflict of interest claim. (Rec. Doc. No. 15). Petitioner also points out a typographical error where the name "Clay" incorrectly appears in one paragraph of this Court's Order and Reasons. (Rec. Docs. No. 15 & 12 at 17). Neither of these grounds warrants rehearing, which the U.S. Supreme Court has held is only available in a habeas proceeding when there has been "some defect in the integrity of the habeas proceedings," such as fraud on the federal court. *Gonzalez*,

---

[1] The Federal Rules of Civil Procedure, including Fed. R. Civ. P. 60(b) governing a motion for rehearing or reconsideration, can be applied to habeas proceedings, but only to the extent they are not inconsistent with the federal habeas statutes. 28 U.S.C. § 2254 Rule 12.

545 U.S. at 532, n.5 (describing an example of such a defect as "a witness's allegedly fraudulent basis for refusing to appear at a habeas hearing").

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 60(a), this Court's Order and Reasons dated October 29, 2012, (Rec. Doc. No. 12), is **AMENDED** as follows: All references to "Clay's" and "Clay" on page 17 of the Order and Reasons are amended to refer to "Johnson's" and "Johnson" respectively, instead.

New Orleans, Louisiana, this 20TH day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE